Mr. Fred O. Dickinson, III Executive Director Department of Highway Safety and Motor Vehicles Neil Kirkman Building Tallahassee, Florida 32399-0500
Dear Mr. Dickinson:
You have asked for my opinion on substantially the following question:
Are coin-operated public telephones considered vending machines within the scope of section 112.217, Florida Statutes, so that the proceeds from commissions on cash receipts from such machines may be paid into the employee benefit fund established pursuant to that statute?
In sum:
Coin-operated public telephones may be considered "vending machines" for purposes of section 112.217, Florida Statutes, and the Department of Highway Safety and Motor Vehicles may deposit the proceeds from commissions on cash receipts from such telephones into the department's employee benefit fund established pursuant to that section.
The Auditor General has recommended that the Department of Highway Safety and Motor Vehicles (the department) request this office's opinion regarding the department's characterization of coin-operated public telephones as vending machines for purposes of section 112.217, Florida Statutes.
Section 112.217, Florida Statutes, provides that:
The Department of Highway Safety and Motor Vehicles is authorized to adopt rules creating and providing for the operation of an employees' benefit fund for employees of the Department of Highway Safety and Motor Vehicles. The proceeds of the vending machines located in buildings occupied and used by the department, or such portions thereof as the department by rule may provide, shall be paid into such fund to be used for such benefits and purposes as the department by rule may provide.
Thus, the Department of Highway Safety and Motor Vehicles may designate any of the buildings that it occupies and uses and the vending machines located in those buildings to provide funds that may be placed in the employees' benefit fund if the department has created such a fund.
The department has promulgated Rule 15-5.001, Florida Administrative Code, to implement the provisions of section112.217, Florida Statutes. The rule states that "[t]he net proceeds of all vending machines located in the building or part of a building occupied and used by the Department and covered by an employee benefit fund shall constitute the sole source of monies to be deposited in the fund."[1] The rule also provides that "[a]ny funds collected from vending machines which are not under the administration of a duly created fund shall be deposited with the Treasurer of the State of Florida."[2]
Thus, if a coin-operated public telephone is a vending machine within the scope of section 112.217, Florida Statutes, the proceeds derived from commissions on cash receipts from the telephone may be paid into the employees' benefit fund of the Department of Highway Safety and Motor Vehicles. If such a telephone is not a vending machine, commission collected thereon must be deposited with the Treasurer.
According to your letter you have, in the past, relied on Attorney General's Opinion 73-82 for your position that pay telephones are "vending machines." In that opinion, this office was asked to determine whether funds derived from a commission on all cash receipts deposited in coin-operated public telephones on university campuses were required to be deposited in the state treasury.
The opinion acknowledges that there is little direct authority from which to resolve the issue of whether coin-operated telephones are "vending machines." However, following the rationale of a number of foreign cases, the opinion concludes that "machines which dispense either goods or services and which are activated by a coin or token are vending machines." The opinion notes that Florida's 1971 occupational license tax statute[3]
included coin-operated machines which "vended" either merchandise or services, but specifically excluded coin-operated telephones. The statute provided that:
The following vending machines and lockers are exempt from the tax provided by this section: (d) All coin-operated telephones which are otherwise subject to tax under s. 205.512 of this chapter. (e.s.)
The opinion concludes that "[t]his would indicate that the legislature, at least, considered coin-operated telephones to be included within the term `vending machines.'"
While the provisions of the local occupational license tax statute have changed, it appears that several statutes relating to vending machines would support the application of the term to coin-operated telephones. Section 205.0537, Florida Statutes, requires that business premises where a coin-operated or tokenoperated vending machines are located must secure a municipal or county occupational license tax for such machines. Such a machine may dispense products, merchandise, or services or provide amusements of games. However, section 205.0537, Florida Statutes, specifically excludes application of the term "vending machine" to coin-operated telephones under certain circumstances:
The term "vending machine" does not include coin-operated telephone sets owned by persons who are in the business of providing local exchange telephone service and who pay the occupational license under the category designated for telephone companies in the municipality or county or a pay telephone service provider certified pursuant to s. 364.3375.[4]
Thus, rather than categorically excluding coin-operated telephones from the term "vending machine" this statute appears to exempt such telephones from license tax requirements if an occupational license has been otherwise secured.
Further, section 877.08(1), Florida Statutes, states that:
A "coin-operated vending machine" or "parking meter," for the purposes of this act, is defined to be any machine, contrivance, or device that is adapted for use in such a way that, as the result of the insertion of any piece of money, coin, or other object, the machine, contrivance, parking meter, or device is caused to operate or may be operated and by reason of such operation the user may become entitled to receive any food, drink, telephone or telegraph service, insurance protection, parking privilege or any other personal property, service, protection, right or privilege of any kind or nature whatsoever. (e.s.)
The statute provides criminal penalties for breaking into or damaging coin-operated vending machines.
Thus, it appears that the Legislature continues to regard coin-operated telephones as "vending machines" for various purposes, including for certain crimes and for local license tax regulation. Therefore, it is my opinion that a coin-operated telephone may be considered a "vending machine" for purposes of section 112.217, Florida Statutes, and the Department of Highway Safety and Motor Vehicles may deposit funds collected from commissions on cash receipts on such vending machines into the employee benefit fund created pursuant to Rule 15-5.001, Florida Administrative Code. It may be advisable for the department to amend Rule 15-5.001 to reflect this determination.
Sincerely,
Robert A. Butterworth Attorney General
RAB/tgh
[1] Rule 15.5.001(3), F.A.C.
[2] Id. at (9).
[3] Section 205.551, Fla. Stat. (1971).
[4] Section 364.3375 relates to pay telephone service providers and the necessity for such persons to obtain a certificate of public convenience and necessity from the Florida Public Service Commission.